**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| IN RE: LAWRENCE KATES,<br><br>                      Debtor.<br><br>ROBERT A. SANKOVSKY and ALISON S. STANKOVSKY,<br>                    Plaintiff,<br><br>vs.<br><br>LAWRENCE KATES individually, and doing business as HILLSIDE FINANCIAL CORPORATION; HILLSIDE FINANCIAL CORPORATION, an business entity,<br><br>                    Defendants | CASE NO.: 09-10188-SJS<br>Chapter 11<br><br>Adversary No.:<br><br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**<br><br>[11 USC Sections 523(a)(2)(A) and 523(a)(4)] |

Robert A. Sankovsky and Allison S. Sankovsky, respectfully allege as follows:

**JURISDICTION, VENUE, AND STANDING**

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 USC Sections 157 and 134, and 11 USC Section 523. This adversary proceeding is a core proceeding pursuant to 28 USC Section 157(b) (2) (I).

COMPLAINT TO DETERMINE DISCHARGEABILITY OF
DEBT - 1

LAW OFFICES OF BRIAN H. KRIKORIAN
800 5TH AVENUE, SUITE 4100
SEATTLE, WA 98104
Telephone: (206) 447-1308
Fax: (425) 732-0115

2. On January 19, 2009, defendant Lawrence Kates ("Kates") filed a voluntary petition for relief of Chapter 11 under the Bankruptcy Code. Plaintiffs allege, and are informed and believe, that Kates has held himself out to do business personally as Hillside Financial Corporation.

3. Venue properly lies in this District in that this adversary proceeding arises out of and is related to the above-entitled Chapter 11 Bankruptcy case, which is currently pending in the United States Bankruptcy Court for the Western District of Washington.

4. Plaintiffs are a creditor of defendant Kates and Hillside, and have standing to bring this action pursuant to 11 USC Section 523.

### PARTIES

5. Robert A. Sankovsky and Allison S. Sankovsky (hereinafter "Plaintiffs") are individuals, who reside in the State of New Jersey.

6. Defendant Kates is a resident of the Western District of Washington and is the debtor in the above-captioned Chapter 11 matter.

7. Hillside Financial Corporation ("Hillside") is a business entity of which Kates is a principal member.

### GENERAL ALLEGATIONS

8. On September 3, 2002, plaintiffs loaned Hillside (Murray Hill Woods, OR) the sum of $5,000, memorialized by a "Straight Note" dated September 3, 2002. The note provided, among other things, that all unpaid principal and interest shall be due and payable on 60 days written notice, and that upon default the whole sum of principal and interest will be immediately due. The note was signed by the debtor "personally". A true and correct copy of the September 3, 2002 Note is attached hereto as Exhibit (1).

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - 2

LAW OFFICES OF BRIAN H. KRIKORIAN
800 5TH AVENUE, SUITE 4100
SEATTLE, WA 98104
Telephone: (206) 447-1308
Fax: (425) 732-0115

9.     On November 3, 2003, plaintiffs loaned Hillside (McCormack Place, Arizona) the sum of $45,000, memorialized by a "Straight Note" dated November 3, 2003.  The note provided, among other things, that all unpaid principal and interest shall be due and payable on 30 days written notice, and that upon default the whole sum of principal and interest will be immediately due.  The note was signed by the debtor "personally".  A true and correct copy of the November 3, 2003 Note is attached hereto as Exhibit (2).

10.     On March 1, 2004, plaintiffs loaned Hillside the sum of $100,000 (Kirkland Springs, WA), memorialized by a "Straight Note" dated March 1, 2004.  The note provided, among other things, that all unpaid principal and interest shall be due and payable on 30 days written notice, and that upon default the whole sum of principal and interest will be immediately due.  The note was signed by the debtor "personally".   A true and correct copy of the March 1, 2004 Note is attached hereto as Exhibit (3).

11.     On September 20, 2004, plaintiffs loaned Hillside (University Properties, AZ) the sum of $100,000, memorialized by a "Straight Note" dated September 20, 2004.  The note provided, among other things, that all unpaid principal and interest shall be due and payable on 30 days written notice, and that upon default the whole sum of principal and interest will be immediately due.  The note was signed by the debtor "personally".  A true and correct copy of the September 24, 2004 Note is attached hereto as Exhibit (4).

12.     On February 8, 2005, plaintiffs loaned Hillside (Pavilion Inn, Utah) the sum of $100,000, memorialized by a "Straight Note" dated February 8, 2005.  The note provided, among other things, that all unpaid principal and interest shall be due and payable on 30 days written notice, and that upon default the whole sum of principal and interest will be immediately

LAW OFFICES OF BRIAN H. KRIKORIAN
800 5TH AVENUE, SUITE 4100
SEATTLE, WA 98104
Telephone:  (206) 447-1308
Fax:  (425) 732-0115

due.  The note was signed by the debtor "personally".  A true and correct copy of the February 8, 2005 Note is attached hereto as Exhibit (5).

13.    Plaintiffs believed that all property and obligations were in the name of Hillside.

14.    On or about September 29, 2008, plaintiffs made written and oral demand of debtor and Hillside to repay the aggregate sums of $350,000.00 of principal pursuant to the Straight Notes. On or about September 29, 2008, Robert Sankovsky spoke with Shelly Cohen, the agent for Hillside regarding demand for repayment of the principal balance.  Mr. Cohen confirmed in writing that the money would be processed for repayment during the October 2008 billing cycle.  Mr. Cohen verbally told Mr. Sankovsky that there would be no issues in returning the funds as agreed.

15.    Despite debtor and Hillside's assurances, at the end of the October 2008 billing cycle, the principal due to plaintiffs was not returned.

16.    In November of 2008, Mr. Sankovsky spoke with Sherman Stacey, attorney for debtor and Hillside several times.  During these conversations Mr. Stacey assured Mr. Sankovsky that his money would be forthcoming.  Mr. Stacey also represented to plaintiffs that Hillside had elected to refuse redemptions of funds beginning in November of 2008, but that plaintiffs' funds were not included in that refusal, and that plaintiffs would be repaid shortly. Mr. Stacey, on several occasions, advised Mr. Sankovsky that only the debtor (Lawrence Kates) could directly answer any of Mr. Sankovsky's questions, and assured Mr. Sankovsky that Kates would contact him immediately.  Despite this Kates never contacted Mr. Sankovsky.

17.    During the month of December 2008, Mr. Sankovsky made repeated demands that Kates speak with Mr. Sankovsky.  Mr. Sankovsky also advised Mr. Stacey and Mr. Cohen he had hired an attorney, and was prepared to file a lawsuit against Hillside.  Once Mr.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF
DEBT - 4

LAW OFFICES OF BRIAN H. KRIKORIAN
800 5TH AVENUE, SUITE 4100
SEATTLE, WA 98104
Telephone:  (206) 447-1308
Fax:  (425) 732-0115

Sankovsky advised Messrs. Cohen and Stacey of his intent to file legal action, he received a call from the debtor Kates.

18.     On December 24, 2009, Kates called Mr. Sankovsky.  Kates assured Mr. Sankovsky that he was not being sued, nor did he have any intent to file bankruptcy.  Kates further assured that plaintiffs were in a different situation than the other debtors, and that plaintiffs would be paid back in full, and not on a pro rata basis.  Kates assured Mr. Sankovsky "not to worry", that he would be paid back within 30 to 60 days, and that any lawsuits filed by Mr. Sankovsky would cause a great detriment to Hillside's ability to sell assets and repay plaintiffs.  Kates repeatedly told Mr. Sankovsky to "trust him", and that "all will be fine, stop worrying so much."

19.     Kates also represented to plaintiffs that as of December 2008, other than plaintiffs $350,000 demand, there was only an aggregate amount of $400,000 of other demand outstanding.  Plaintiffs are informed and believe that this representation was false.

20.     In reliance upon Kate's assurances, plaintiffs did not file legal action.

21.     On December 30, 2008, Mr. Sankovsky spoke again with Kates.  Kates again assured plaintiffs that they would be "first in line" for repayment, and reaffirmed that there was only an aggregate amount of less than $400,000 in other demands for repayment against Hillside. Kates again assured plaintiffs that he was not being sued, nor was Hillside or Kates preparing to file for bankruptcy.  Plaintiffs relied again upon these assurances and did not file suit.

22.     Despite these assurances, the debtor filed bankruptcy on January 19, 2009.

23.     Plaintiffs are informed, and believe, that none of the properties to which the plaintiffs loaned money for are in the name of Hillside, but rather were held in the name of Kates personally.  This was never disclosed to plaintiffs.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF
DEBT - 5

## FIRST CLAIM FOR RELIEF

[11 USC Section 523(a)(2)(a)]

24.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 23, inclusive, as though set forth in full herein.

25.     Plaintiffs are informed and believe and based thereon allege, that defendant Kates and his agents and representatives falsely and fraudulently represented to plaintiffs that, among other things:

A.     That the money being loaned by plaintiffs to Hillside was for property owned, and in the name of Hillside;

B.     That the money being loaned would be paid, on demand, within 60 days on Exhibit (1), and within 30 days on Exhibits (2) through (5);

C.     That plaintiffs would be paid first before any other note holders, and that the total amount of other demands for repayment totaled less than $400,000;

D.     That neither Hillside nor debtor Kates was being sued;

E.     That neither Hillside nor debtor Kates was preparing to file bankruptcy.

26.     Plaintiffs are informed and believes, and based thereon alleges that when defendant, his agents and authorized representatives made the above-representations, they knew them to be false, and had no intention of carrying out the promises contained therein.

27.     Plaintiffs are further informed and believes, and based thereon allege that said representations were made with the intent to defraud and deceive plaintiffs and with the intent to, among other things, induce plaintiffs to invest money with the debtor and to withhold enforcement of the notes, and/or discovery of the true nature of debtor's scheme.  Plaintiffs, at the time the

Law Offices of Brian H. Krikorian
800 5th Avenue, Suite 4100
Seattle, WA 98104
Telephone:  (206) 447-1308
Fax:  (425) 732-0115

representations in paragraph 25 were made, were ignorant of the falsity of said representations and believed them to be true. In reliance upon these representations plaintiffs, among other things, invested money in Hillside believing all assets to be held in Hillside's name, and agreed to withhold proceeding with legal action to collect the sums due. Had plaintiffs known of the true facts, plaintiffs would have never entered into and maintained the relationship with the debtor and Hillside.

28.     As a direct and proximate result of the defendants' fraud as described herein, plaintiffs have been damaged in the total amount of $350,000, consisting of principal due, together with interest thereon at the legal rate and attorney's fees.

29.     Plaintiffs are informed and believes and based thereon alleges that defendants, in doing the things herein alleged, acted willfully, maliciously, oppressively, and despicably, with full knowledge of the adverse effect of his actions on plaintiffs, and with willful and deliberate disregard of the consequences to plaintiffs.

30.     By reason of the foregoing, plaintiffs' claims against Defendant as set forth above are non-dischargeable pursuant to 11 USC Section 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

[11 USC 523(a)(4)]

31.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 23, and 25 through 27, inclusive, as though set forth in full herein.

32.     Plaintiffs allege that Kates and Hillside operated in a fiduciary position of trust with plaintiffs.

LAW OFFICES OF BRIAN H. KRIKORIAN
800 5TH AVENUE, SUITE 4100
SEATTLE, WA 98104
Telephone: (206) 447-1308
Fax: (425) 732-0115

1    33.    As a fiduciary of plaintiffs, defendants were required to safeguard and protect the

2    interests of plaintiffs, including but not limited, not seeking any self-interest or personal gain to the

3    detriment of plaintiffs.

4    34.    Plaintiffs are informed and believe, and based thereon allege, that defendants

5    breached their fiduciary duty to plaintiffs  by committing, among other things, the acts alleged in

6    paragraphs 8 through 23, inclusive and paragraph 25.

7    35.    As a direct and proximate result of the defendants' fraud as described herein,

8    plaintiffs have been damaged in the total amount of $350,000, consisting of principal due,

9    together with interest thereon at the legal rate and attorney's fees.

10    36.    By reason of the foregoing, Plaintiff's claim against Defendant is non-dischargeable

11    pursuant to 11 USC Section 523(a)(4).

///

///

///

///

///

///

///

///

///

///

///

///

Law Offices of Brian H. Krikorian
800 5th Avenue, Suite 4100
Seattle, WA 98104
Telephone:  (206) 447-1308
Fax:  (425) 732-0115

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     As a direct and proximate result of the defendants' fraud as described herein, plaintiffs have been damaged in the total amount of $350,000, consisting of principal due, together with interest thereon at the legal rate and attorney's fees.

2.     For the claims and debts to be deemed non-dischargeable pursuant to 11 USC Section 523(a)(2)(A) and Section 523(a)(4).

3.     For interest and attorney's fees as provided by law, statute or contract.

4.     For cost of suit herein.

5.     For such other and further relief as the court may deem just.

Dated: April 17, 2009                    LAW OFFICES OF BRIAN H. KRIKORIAN


By /s Brian H. Krikorian
  WSBA #27861
   800 5th Avenue, Suite 4100
   Seattle, Washington 98104
   Telephone: (206) 447-1308
   Fax:  (425) 732-0115
   Email:  bhkrik@bhklaw.com

COMPLAINT TO DETERMINE DISCHARGEABILITY OF
DEBT - 9

LAW OFFICES OF BRIAN H. KRIKORIAN
800 5TH AVENUE, SUITE 4100
SEATTLE, WA 98104
Telephone:  (206) 447-1308
Fax:  (425) 732-0115

# Exhibit 1

# HILLSIDE FINANCIAL CORPORATION

Post Office Box 2400
Santa Monica, CA 90407-2400
(310) 396-9866 telephone
(310) 396-9326 facsimile

September 4, 2002

Allison and Robert Sankovsky
358 Westgate Drive
Edison, NJ 08820

Reference: Straight Note

Dear Allison and Robert:

Enclosed please find the Straight Note for your investment. The note is dated when
we received your check and the interest accrued from that date.

If you have any questions or need any additional information, please call me.

Sincerely,

*Shelley Cohen*

SHELLEY COHEN

# STRAIGHT NOTE

**$5,000.00**             Los Angeles, California              September 3, 2002

For value received, **Hillside Financial** (MurrayHill Woods, OR), its heirs, legal representatives, successors and assigns promises to pay to **Allison Stacy Sankovsky and Robert Allan Sankovsky,** or order at 358 Westgate Drive, Edison, NJ  08820 the sum of Five Thousand Dollars **($5,000.00)** with interest from September 3, 2002, at the rate of 12% per annum, payable in monthly installments of interest only in the amount of $50.00.  All unpaid principal and interest shall be due and payable on 60 days written notice.

Should default be made in payment of principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become immediately due.  Principal and interest are payable in lawful money of the United States.  If action be instituted on this note, the undersigned promises to pay such sum as the Court may adjudge as attorney's fees.

Lawrence Kates, Personally

# Exhibit 2

# HILLSIDE FINANCIAL CORPORATION

Post Office Box 2400
Santa Monica, CA  90407-2400
(310) 396-9866 telephone
(310) 396-9326 facsimile

November 4, 2003

Robert and Allison Sankovsky
358 Westgate Drive
Edison, NJ  08820

Reference:  Straight Note

Dear Robert and Allison:

Enclosed please find the Straight Note for your investment in McCormick Place, Arizona. The note is dated when we received your check and the interest accrued from that date.

If you have any questions or need any additional information, please call me.

Sincerely,

*Shelley Cohen*

SHELLEY COHEN
Administrative Assistant

# STRAIGHT NOTE

**$45,000.00**            Los Angeles, California            November 3, 2003

For value received, **Hillside Financial** (McCormick Place, AZ), its heirs, legal representatives, successors and assigns promises to pay to **Allison Stacy Sankovsky and Robert Allan Sankovsky,** or order at 358 Westgate Drive, Edison, NJ   08820 the sum of Forty-Five Thousand Dollars **($45,000.00)** with interest from November 3, 2003, at the rate of 12% per annum, payable in monthly installments of interest only in the amount of $450.00.  All unpaid principal and interest shall be due and payable on 30 days written notice.

Should default be made in payment of principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become immediately due.  Principal and interest are payable in lawful money of the United States.  If action be instituted on this note, the undersigned promises to pay such sum as the Court may adjudge as attorney's fees.

Lawrence Kates, Personally

**Exhibit 3**

# HILLSIDE FINANCIAL CORPORATION
Post Office Box 2400
Santa Monica, CA 90407-2400
(310) 396-9866 telephone
(310) 396-9326 facsimile

March 1, 2004

Robert and Allison Sankovsky
358 Westgate Drive
Edison, NJ 08820

Reference: Straight Note

Dear Robert and Allison:

Enclosed please find the Straight Note for your investment in Kirkland Springs, WA. The note is dated when we received your check and the interest accrued from that date.

If you have any questions or need any additional information, please call me.

Sincerely,

*Shelley Cohen*

SHELLEY COHEN
Administrative Assistant

# STRAIGHT NOTE

**$100,000.00**              Los Angeles, California                    March 1, 2004

For value received, **Hillside Financial** (Kirkland Springs, WA), its heirs, legal representatives, successors and assigns promises to pay to **Allison Stacy Sankovsky and Robert Allan Sankovsky,** or order at 358 Westgate Drive, Edison, NJ   08820 the sum of One Hundred Thousand Dollars (**$100,000.00**) with interest from March 1, 2004, at the rate of 12% per annum, payable in monthly installments of interest only in the amount of $1000.00.  All unpaid principal and interest shall be due and payable on 30 days written notice.

Should default be made in payment of principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become immediately due.  Principal and interest are payable in lawful money of the United States.  If action be instituted on this note, the undersigned promises to pay such sum as the Court may adjudge as attorney's fees.


Lawrence Kates, Personally

**Exhibit 4**

# HILLSIDE FINANCIAL CORPORATION

Post Office Box 2400
Santa Monica, CA  90407-2400
(310) 396-9866 telephone
(310) 396-9326 facsimile

September 22, 2004

Allison and Robert Sankovsky
3 Manor Drive
Marlboro, New Jersey 07746

Reference:  Straight Notes

Dear Allison and Robert:

Enclosed please find the Straight Notes for your investment in University Properties, AZ.
The notes are dated when we received your checks and the interest accrued from that date.

If you have any questions or need any additional information, please call me.

Sincerely,

*Shelley Cohen*

SHELLEY COHEN
Administrative Assistant

# STRAIGHT NOTE

**$100,000.00**          Los Angeles, California          September 20, 2004

For value received, **Hillside Financial** (University Properties, AZ), its heirs, legal representatives, successors and assigns promises to pay to **Allison Stacy Sankovsky and Robert Allan Sankovsky,** or order at 3 Manor Drive, Marlboro, New Jersey 07746 the sum of One Hundred Thousand Dollars **($100,000.00)** with interest from September 20, 2004, at the rate of 12% per annum, payable in monthly installments of interest only in the amount of $1000.00. All unpaid principal and interest shall be due and payable on 30 days written notice.

Should default be made in payment of principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become immediately due. Principal and interest are payable in lawful money of the United States. If action be instituted on this note, the undersigned promises to pay such sum as the Court may adjudge as attorney's fees.

_____
Lawrence Kates, Personally

**Exhibit 5**

# HILLSIDE FINANCIAL CORPORATION
Post Office Box 2400
Santa Monica, CA  90407-2400
(310) 396-9866 telephone
(310) 396-9326 facsimile

February 10, 2005

Robert Sankovsky
3 Manor Drive
Marlboro, NJ  07746

Reference:  Straight Notes

Dear Robert:

Enclosed please find the Straight Notes for your investment in Pavilion Inn, Utah.
The notes are dated when we received your checks and the interest accrued from that date.

If you have any questions or need any additional information, please call me.

Sincerely,

*Shelley Cohen*

SHELLEY COHEN
Administrative Assistant

# STRAIGHT NOTE

**$100,000.00**          Los Angeles, California          February 8, 2005

For value received, **Hillside Financial** (Pavilion Inn, Utah), its heirs, legal representatives, successors and assigns promises to pay to **Allison S. and Robert Sankovsky,** or order at 3 Manor Drive, Marlboro, NJ 07746 the sum of One Hundred Thousand Dollars **($100,000.00)** with interest from February 8, 2005, at the rate of 12% per annum, payable in monthly installments of interest only in the amount of $1,000.00. All unpaid principal and interest shall be due and payable on 30 days written notice.

Should default be made in payment of principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become immediately due. Principal and interest are payable in lawful money of the United States. If action be instituted on this note, the undersigned promises to pay such sum as the Court may adjudge as attorney's fees.

Lawrence Kates, Personally